BOARD OF COM'RS OF TULSA COUNTY v. REMEDIAL FINANCE CORPORATION.

*100 P. 2d 240.*

No. 28578. March 12, 1940.

Dixie Gilmer, County Atty., and John F. Conway, Asst. County Atty., both of Tulsa, for plaintiff in error.

Wm. F. Latting, Joe B. Hardy, O. C. Essman, and Charles L. Yancey, all of Tulsa, and Robert L. Cox and H. L. Douglass, both of Oklahoma City, for defendant in error.

OSBORN, J. On the 16th day of April, 1936, the board of equalization of Tulsa county, Okla., assessed the personal property of Remedial Finance Corporation, hereinafter referred to as protestant, on an ad valorem basis at a valuation of $25,000. The Finance Corporation protested the assessment, claiming exemption from ad valorem taxation under section 17 of article 6, chapter 66, Session Laws of Oklahoma, 1935, identified in the act as "Oklahoma Income Tax Law."

From an adverse ruling, protestant appealed to the district court, which reversed the order of the board of equalization and entered the judgment involved in this appeal. The board of county commissioners will be referred to hereinafter as commissioners.

The following stipulation was agreed to by the parties to the suit:

"It is hereby agreed by and between the county attorney's office and Remedial Finance Corporation that for the purpose of this hearing, the following facts do exist; that same are accepted as true and will not be disputed in the course of the hearing before the board of equalization.

"That both the Remedial Finance Corporation and the Morris Plan Company are organized and operating under the general corporation laws of Oklahoma; that they are doing an identical business, in that they both accept money from the public for investment in what both call 'Investment Certificates,' which said certificate draws interest which is paid to the investor periodically; that they both loan money principally to steadily employed, salaried people, who are required to secure repayment of the obligation with the endorsement of two other employed salaried people, the contract calling for repayment weekly, semimonthly or monthly over a period of one year from date of note. It is also a common practice of both to loan money on producing oil and gas leases or royalties, and on bonds or shares of stock listed on a New York Exchange.

"That it is recognized by investors and borrowers in and around Tulsa that the said companies are both within that class of finance business known as Industrial Banks; that neither company carries on a phase of finance business which is not also conducted by the other, and that they are for all intents and purposes in direct and substantial competition with each other."

The title to article 6, ch. 66, Session Laws 1935, in part provides:

"An Act relating to and providing * * * an annual tax on National Banking Associations, state banks and trust companies, according to or measured by their net incomes authorized by Method 4 of section 5219, U. S. Revised Statutes, as amended, relating to National Banking Associations. * * *"

It is to be noted that sections 16 and 17 come directly within the purview of the above-quoted portion of the title of the act, evincing legislative intention to make separate classifications of national banking associations as one class, state banks and trust companies as another, excluding other corporations and individuals as another class.

Section 17 of the act under consideration reads:

"In lieu of the tax imposed by Section Six, every bank or trust company organized under the banking laws of this State or Morris Plan Company, shall annually pay to this State for the privilege of doing business within its limits, a tax according to, or measured by, its net income, to be computed in the manner hereinafter provided, at the following rates upon the basis of its entire net income for the next preceding fiscal or calendar year:

"(1) Six (6%) per centum of the amount of the net income as herein provided.

"(b) The tax imposed by this Section shall be exclusive and in lieu of taxes on the shares of stock or personal property of any such bank or trust company

or Morris Plan Company subject to taxation under this Section, except organization fees and taxes imposed by the banking laws in the case of banks or trust companies, and except organization fees and corporation license fees in the case of Morris Plan Companies. Nothing in this Section shall be construed to exempt the real property of any such taxpayer from taxation to the same extent, according to its value, as other real property is taxed.

"(c) Any tax levied under this Section shall accrue on the first day after the close of the taxable year, as that term is defined in Section 4 (h), and the basis of the tax, according to, or measured by, the net income, shall include the entire net income from all sources to be determined by subtracting from the gross income, as defined in Section 18, the deductions allowed in Section 9. Provided, however, that no deduction shall be allowed to any bank or trust company or Morris Plan Company, organized under the laws of this State, for debts ascertained to be worthless and charged off within the taxable year, as defined by Section 9 (f) hereof, unless said debts actually be charged off either under the order or direction, or with the approval of the examining officials having charge of the supervision or examination of said bank or trust company or Morris Plan Company."

It is observed that in the enactment of sections 16 and 17 the Legislature was dealing with the subject of banks and trust companies. Therein it is specifically provided that the personal property of banks and trust companies shall be classified for tax purposes on an income basis rather than on an ad valorem basis. First Nat. Bank of El Reno v. Oklahoma Tax Commission, 185 Okla. 98, 90 P. 2d 438.

Neither protestant nor the Morris Plan Company are organized as banks or trust companies. Both are organized and operated as loan and investment companies; both disclaim subjection to, or supervision or control by, either the state or federal banking departments or any other department of government notwithstanding the concluding paragraph in section 17 indicates an examination of the Morris Plan Company by officials having supervision over banks and trust companies.

The journal of the Fifteenth Legislature reveals that article 6, chapter 66. supra, as originally introduced, did not contain any reference to "Morris Plan Company." The words "Morris Plan Company" were inserted in the bill by amendment of the joint conference committee of the House and Senate. The Morris Plan Bank, or loan and investment companies generally, are not mentioned or referred to in the title to the act.

It is urged that because section 17 purports in its terms to be applicable to Morris Plan Companies by reason of the insertion in said section of the name of "Morris Plan Company" and that the Remedial Finance Corporation does an identical character of business, "for the reason that all of said property is at all times in direct and substantial competition with Morris Plan Companies, and state and national banks in this state," the act applies to the Remedial Finance Corporation and to all other corporations conducting the identical character of business. Whether the provision is valid and controlling as to the manner and method of taxation of Morris Plan Companies is not before the court at this time for determination. But in view of the evident purpose of the act, we are constrained to hold that in the use of the name of the Morris Plan Company in the body of said act, the Legislature referred to a particular well-known company and did not intend to apply the provisions of said act generally to companies carrying on business in an identical manner. The term was used specifically and not generically. The contention, therefore, is without merit.

The judgment of the district court is reversed and the cause remanded, with directions to enter judgment in favor of the board of county commissioners.

BAYLESS, C. J., and GIBSON, HURST, DAVISON, and DANNER, JJ., concur. RILEY, J., dissents. WELCH, V. C. J., and CORN, J., absent.